IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARCUS L. PURNELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-811-SDJ-KPJ |
| | § | |
| DENTON POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On October 7, 2021, Plaintiff Marcus L. Purnell ("Plaintiff") filed this lawsuit against Defendant Denton Police Department (the "Denton Police Department"). *See* Dkt. 1. On July 22, 2022, the City of Denton, Texas (the "City of Denton") filed its Motion to Dismiss (the "Motion") (Dkt. 15), to which Plaintiff Marcus L. Purnell ("Plaintiff") filed a response (Dkt. 18), and the City of Denton filed a reply (Dkt. 19). For the reasons that follow, the Court recommends Plaintiff's claims against the Denton Police Department be **DISMISSED WITH PREJUDICE**; and the Motion (Dkt. 15) be **DENIED** as **MOOT**.

## I. BACKGROUND

On October 7, 2021, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against the Denton Police Department as the sole defendant. *See* Dkt. 1. Plaintiff asserts only the following factual allegation, "On June 27, 2020 I was tazed by city of Denton police officers. The city of Denton PD failed to properly train their police officers to handle this situation. This is what le[]d to me having physical injuries from being tazed." *Id.* at 4.

1

On July 22, 2022, the City of Denton filed the Motion (Dkt. 15), which asserts that because the Denton Police Department "is a department of the City of Denton, Texas, a suit against Denton Police Department is in actuality a suit against the City of Denton itself." *Id.* at 1 n.1. The City of Denton does not cite to any caselaw or support for the proposition that it may file its own motion when it is not a named party in the complaint. *See generally id.* The City of Denton asserts Plaintiff has not sufficiently stated a claim under Section 1983 for failure to train, Plaintiff is not entitled to any relief under *Monell v. Dep't of Soc. Servs. of City of New York*, 435 U.S. 658, 691 (1978), and Plaintiff has failed to identify any inadequate training or prior violation that would satisfy the failure to train amounts to "deliberate indifference." *See id.* at 3–5. On August 29, 2022, Plaintiff filed his response "Supporting Facts for Complaints Against DPD," wherein he asserts he "[d]id in fact file[] a claim against the Denton Police Department." Dkt. 18 at 1. Plaintiff provides further factual allegations as follows:

> I was viciously and maliciously mistreated [and] assaulted by officers after I was tazed and then held down by 2 officers and one of them with his arm across my neck. I said I couldn't breathe and that my heart hurt and was beating too fast and irregularly. I was paid no attention to as far as my complaints. I was cuffed and loaded into a car and transported to the Denton City Police Department without medical attention being provided to me at the scene by licensed professional my head hurt for 2 weeks from being repea[de]tly elbowed and stepped on. . . .

*Id.* Plaintiff further asserts, "For my claim of failure to train because with proper training I wouldn[']t have been treated this way. I would have been given medical [a]ttention and then transported. I wouldn't have been the victim of Police Brutality." *Id.* at 2. On September 6, 2022, the City of Denton filed its reply, asserting the Court may only look to Plaintiff's complaint to determine whether it contains sufficient facts to state a claim of relief, and Plaintiff has failed to state a claim under Section 1983 for failure to train. *See* Dkt. 19 at 1–2.

## II.  LEGAL STANDARD

If a plaintiff is proceeding *in forma pauperis*, courts must dismiss the case if, at any time, it is determined the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (per curiam) ("The district court may dismiss an *in forma pauperis* proceeding 'before service of process or before the filing of the answer' as long as certain safeguards are met." (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990))). In reviewing a plaintiff's complaint under Section 1915, courts apply the same standard that is applied to motions filed under Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016). Under that standard, a complaint survives dismissal if it states plausible claims for relief rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

In reviewing the complaint, courts accept as true all well-pleaded facts contained in the complaint, "even if doubtful or suspect," and views them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020); *see also Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *DeMarco*, 914 F.3d at 386–87 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive dismissal. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must plead sufficient

factual allegations to support every element of each claim asserted. *See Kansas v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 468 (W.D. Tex. 2011).

The Court is also mindful that it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). But "liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

### III. ANALYSIS

#### A. Motion to Dismiss by Non-Party City of Denton

The City of Denton asserts that because the Denton Police Department "is a department of the City of Denton, Texas, a suit against Denton Police Department is in actuality a suit against the City of Denton itself." Dkt. 15 at 1 n.1. While the Denton Police Department is a non-suable entity as a department of the City of Denton, Plaintiff is adamant he has brought his claim against the Denton Police Department. *See* Dkt. 18 at 1 (Plaintiff "[d]id in fact file[] a claim against the Denton Police Department."). The Court is mindful that it must construe the pleadings of Plaintiff liberally. *See Perez*, 2022 WL 1215781, at *2. However, the Court is not aware of any case or proposition of law that allows the Court to construe Plaintiff's complaint against an unnamed party. Thus, while the City of Denton may wish to move to dismiss Plaintiff's claims based on the present factual allegations, the Federal Rules of Civil Procedure do not allow for a non-party to file a motion to dismiss. *See Kase v. Columbia Cnty. Ct.*, No. 4:19-cv-1569, 2020 WL 5506005, at *3 (M.D. Pa. July 30, 2020), *R. & R. adopted*, 2020 WL 5501370 (M.D. Pa. Sept. 11, 2020)

4

("Apparently out of an abundance of caution, [the non-party] has moved to dismiss any claims against him. But [the non-party] is not named as a defendant in . . . either the original complaint or the currently operative amended complaint . . . Accordingly, we recommend that the motion to dismiss be denied as moot with respect to the non-party movant . . . ."); *Ross v. Jenkins*, No. 17-2547, 2019 WL 2501865, at *1 (D. Kan. June 17, 2019) ("[The Federal Rules of Civil Procedure] do not authorize strangers to the action and the court has entered no judgment against them. The court thus denies the Motions to Dismiss . . . filed by the non-party movants . . . ."); *Lumumba v. Marquis*, No. 2:13-cv-69, 2013 WL 5429429, at *6 (D. Vt. Sept. 30, 2013) ("Motions to dismiss filed by non-parties should be denied as moot." (citing *Pope Invs. II, LLC v. Deheng Law Firm*, No. 10 Civ. 6608, 2012 WL 3526621, at *8 (S.D.N.Y. Aug. 15, 2012))); *PFIP, LLC v. Aspen Total Fitness Centereach, LLC*, No. 06-cv-108, 2006 WL 1644623, at *1 (D.N.H. June 7, 2006). As Plaintiff has not named and does not now name the City of Denton as a defendant, the Court recommends the City of Denton's Motion (Dkt. 15) be denied as moot.

### B. Defendant Denton Police Department is a non-jural entity and not capable of being sued

"A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv-679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991)). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Id.* at *6 (citing *Darby*, 939 F.2d at 313–14). The capacity of a county or city department to be sued is determined by the state where the district court is located. *See Darby*, 939 F.2d at 313; *see also* FED. R. CIV. P. 17(b)(3). Because this Court sits in Texas, it must apply Texas law to determine whether the Denton Police Department can be sued. *See Darby*, 939 F.2d at 313.

The Denton Police Department is a non-jural entity and cannot be sued. *See Devereaux v. City of Denton*, No. 4:12-cv-73, 2012 WL 5878816, at *4 (E.D. Tex. Sept. 24, 2012), *R. & R. adopted in relevant part*, 2012 WL 5878783 (E.D. Tex. Nov. 21, 2012) ("The Court agrees that the Denton Police Department is not a separate legal entity and cannot sue or be sued."); *Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350, 2020 WL 8484809, at *2 (E.D. Tex. Dec. 14, 2020), *R. & R. adopted*, 2021 WL 489633 (E.D. Tex. Feb. 10, 2021) ("The general rule is that law enforcement agencies are not separate governmental entities that can be sued.") (brackets and citation omitted); *Jeanty v. TXFM, Inc.*, No. 4:19-cv-366, 2020 WL 5797727, at *3 (E.D. Tex. Aug. 12, 2020), *R. & R. adopted*, 2020 WL 5651636 (E.D. Tex. Sept. 23, 2020) (collecting cases) ("More specifically, federal courts in Texas have found that police departments do not have a jural existence."); *Torgerson v. Henderson Cnty.*, No. 6:21-cv-390, 2022 WL 2154872, at *3 (E.D. Tex. Apr. 26, 2022), *R. & R. adopted*, 2022 WL 2155948 (E.D. Tex. June 14, 2022). Thus, even if the Court takes all of Plaintiff's allegations against the Denton Police Department as true, Plaintiff has failed to state a claim upon which relief can be granted. *See Devereaux*, 2012 WL 5878816, at *4.

Furthermore, because the City of Denton has not granted the Denton Police Department jural authority, it would be futile to grant Plaintiff an opportunity to replead with respect to the Denton Police Department. Accordingly, the Court recommends dismissing Plaintiff's claims against the Denton Police Department with prejudice.

### IV.  RECOMMENDATION

For the reasons set forth above, the Court recommends Plaintiff's claims against the Denton Police Department be **DISMISSED WITH PREJUDICE**; and the City of Denton's Motion to Dismiss (Dkt. 15) be **DENIED** as **MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 20th day of December, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE